[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Allstate Insurance Company ("Allstate"), appeals the judgment of the Lorain County Court of Common Pleas. We affirm.
While riding a bicycle, Carol Aufdenkamp was struck and killed by a vehicle driven by David Knoefel on August 1, 1989. Nationwide Insurance Company ("Nationwide") insured Mr. Knoefel at the time of the accident. His insurance policy coverage limits were $100,000 per person and $300,000 per accident. At the time of the accident, Carol and her husband Lloyd L. Aufdenkamp, appellee in his individual capacity and as executor of Carol's estate ("Mr. Aufdenkamp"), as well as Carol's mother and their two adult children were insured by Allstate. The underinsured motorist policy coverage limits under the Allstate policy were $100,000 per person and $300,000 per accident.
On February 7, 1990, Mr. Aufdenkamp notified Allstate of the accident and that claims under the underinsurance portion of the Allstate policy were being made. Allstate responded that his claims would depend on the Supreme Court's decision in Hill v.Allstate Ins. Co. (1990), 50 Ohio St.3d 243. Hill was released on April 25, 1990. As the court in Hill held that underinsured motorist coverage was not excess to the tortfeasor's insurance coverage, Allstate denied Mr. Aufdenkamp's claims on May 1, 1990.
Mr. Aufdenkamp entered into a consent judgment on October 17, 1990 in which the liability of Mr. Knoefel was admitted — the maximum amount of Nationwide's liability remained to be determined by a declaratory judgment action. The declaratory judgment action resolved the liability issue, finding that Nationwide's maximum liability was the $100,000 per person coverage limit rather than the $300,000 per accident coverage limit. Nationwide, in exchange for a release by Mr. Aufdenkamp of all claims against Nationwide and Mr. Knoefel, remitted payment in the amount of $100,000.
On July 21, 1994, Mr. Aufdenkamp filed suit against Allstate to recover his underinsured policy limits because the Supreme Court had released Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, reversing Hill.[1] In Savoie the Supreme Court held that underinsured motorist coverage was excess to the tortfeasor's insurance coverage. Id. at paragraph three of the syllabus. Mr. Aufdenkamp filed a motion for partial summary judgment on November 26, 1996, and Allstate filed a cross-motion for summary judgment on December 3, 1996. The trial court granted Mr. Aufdenkamp's motion for partial summary judgment, finding that Allstate was liable under the underinsurance portion of the insurance policy for the damages which exceeded the tortfeasor's policy limits, and denied Allstate's motion for summary judgment on November 12, 1998. This appeal followed.
Allstate asserts one assignment of error:
 The trial court erred in its journal entry dated 11/12/98 [sic] where it denied the defendant's Motion for Summary Judgment [sic] and granted the plaintiff's Motion for Summary Judgment [sic].
Allstate avers that the trial court erred by entering partial summary judgment for Mr. Aufdenkamp because Mr. Aufdenkamp failed to notify Allstate of the settlement of his claims against the tortfeasor, eliminating Allstate's subrogation rights under the contract. Moreover, Allstate asserts that Hill controls whether Allstate had a duty to Mr. Aufdenkamp under the underinsured motorist provisions of the insurance contract. Allstate asserts that, as Hill applies, it was justified in refusing to remit payment under the insurance policy and that Mr. Aufdenkamp breached the insurance contract when he failed to notify Allstate of his settlement with the tortfeasor and executed a release, eliminating Allstate's subrogation rights. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment isde novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
On April 25, 1990, the Supreme Court held that "underinsured motorist liability insurance coverage is not available to an insured where the limits of liability contained in the insured's policy are identical to the limits of liability set forth in the tortfeasor's liability insurance coverage." Hill, 50 Ohio St.3d at syllabus. However on October 1, 1993, the Supreme Court held that "[a]n underinsurance claim must be paid when the individual covered by an uninsured/underinsured policy suffers damages that exceed those monies available to be paid by the tortfeasor's liability carriers. (Hill v. Allstate Ins. Co. [1990], 50 Ohio St.3d 243, 553 N.E.2d 658, overruled.)" Savoie, 67 Ohio St.3d at paragraph three of the syllabus.
"`The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law.'" Ross v. Farmers Ins. Group of Cos.
(1998), 82 Ohio St.3d 281, 290, quoting Peerless Elec. Co. v.Bowers (1955), 164 Ohio St. 209, 210. Moreover, although "under the decisional law at the time of the accident as set forth inHill, [one] would not be entitled to underinsured motorist coverage," as it was overruled by Savoie, Hill never was the law.Ross, 82 Ohio St.3d at 290. Hence, pre-Savoie underinsured motorist cases are governed by the application of the holding inSavoie as "Savoie was the controlling decisional law." Id.
Pursuant to Savoie, one's underinsured motorist coverage is excess to the tortfeasor's coverage amount. Savoie, 67 Ohio St.3d at paragraph three of the syllabus. Generally, "[i]t is well-settled in Ohio that by executing a release which precludes an insurer from exercising its subrogation rights an insured materially breaches his insurance contract and discharges his insurer from its obligation to provide coverage." (Citations omitted.) Ruby v. Midwestern Indemn. Co. (1988), 40 Ohio St.3d 159,162. However, "[a]n insurer must aid its insured in the preservation of its subrogation rights." McDonald v.Republic-Franklin Ins. Co. (1989), 45 Ohio St.3d 27, paragraph one of the syllabus. Hence, where an insurer unjustifiably refuses coverage where it was bound by contract to provide it such refusal may operate as an estoppel, waiving the insurer's right to notification of a proposed settlement with the tortfeasor. SeeBakos v. Insura Property Cas. Ins. Co. (1997), 125 Ohio App.3d 548,558. Such an estoppel may operate where an insured "logically could assume that he could make a reasonable settlement without prejudicing his rights under the contract." Id.
The trial court did not err in granting partial summary judgment to Mr. Aufdenkamp on the issue of Allstate's potential liability under the contract. As Hill never was the law, Savoie
applies to the claim Mr. Aufdenkamp made under his insurance policy with Allstate. Ross, 82 Ohio St.3d at 290. Under Savoie, we conclude that Mr. Aufdenkamp was entitled to stack the coverage limit of his underinsured motorist coverage on top of the tortfeasor's insurance coverage limits to the extent of his damages. Allstate, however, denied recovery under its policy stating that Mr. Aufdenkamp's "underinsured motorist coverage is not triggered, and the sole recovery would be against the tortfeasor and indirectly his liability insurance carrier." Moreover, Allstate does not aver that its statement was not intended to induce reliance by Mr. Aufdenkamp or that it did not, in fact, cause Mr. Aufdenkamp to rely to his detriment. Hence, we conclude that Allstate is estopped from now asserting that Mr. Aufdenkamp was under a duty to notify Allstate of his settlement with the tortfeasor, because Allstate waived this right by informing Mr. Aufdenkamp that his policy did not cover his claim and that his sole recovery was against the tortfeasor. Furthermore, neither party alleges, nor does the record disclose, that any material fact remains in dispute. The trial court did not err in granting Mr. Aufdenkamp's motion for partial summary judgment or denying Allstate's motion for summary judgment as Allstate improperly refused coverage, and thus, waived its right to notification by informing Mr. Aufdenkamp that his only recovery could be against the tortfeasor. Allstate's assignment of error is overruled.
Allstate's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER, FOR THE COURT
BAIRD, P.J., CARR, J. CONCUR.
[1] Savoie was superseded by R.C. 3937.18, which was enacted on October 20, 1994. As the accident occurred on August 1, 1989 and Mr. Aufdenkamp filed suit on July 21, 1994, which are both prior to the effective date of R.C. 3937.18, Savoie controls. See Rossv. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281, 290.